UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TULIP INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> THE OCEAN FRONT DISTRIBUTION CO., THE PRIMOS TEA LLC, and EUNYOUNG SON, <br><br> Defendants. | Civil Action No. 14-92 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before this Court following the Report and Recommendation ("R&R") filed on October 11, 2016 by Magistrate Judge Waldor, pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2). The R&R recommended that the Court grant Defendants' motion to dismiss the Complaint for lack of prosecution. No objections have been received.

The context for the R&R is as follows. On June 23, 2016, Magistrate Judge Waldor granted Defendants' motion to disqualify Plaintiff's counsel, gave Plaintiff time to secure replacement counsel, and scheduled a teleconference for August 2, 2016. Subsequently, Plaintiff did not retain new counsel and failed to appear at the teleconference. On August 3, 2016, Magistrate Judge Waldor ordered Plaintiff to appear in person to show cause why this case should not be dismissed for lack of prosecution pursuant to FED. R. CIV. P. 41(b). A hearing was held on September 1, 2016, and Plaintiff did not appear. Defendants then filed a motion to dismiss for lack of prosecution. Plaintiff did not oppose the motion. On October 11, 2016,

Magistrate Judge Waldor issued the instant R&R which recommended that the motion to dismiss be granted.

A magistrate judge's recommended disposition of a dispositive matter is subject to *de novo* review.  *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998); see also FED. R. CIV. P. 72(b).  This Court has reviewed the R&R under the appropriate *de novo* standard, and agrees with Magistrate Judge Waldor's analysis and conclusion as to Defendants' motion to dismiss for lack of prosecution.  For the reasons set forth in Judge Waldor's R&R, Plaintiff's failure to secure replacement counsel,[1] together with Plaintiff's failure to appear for a court-ordered teleconference and in response to an Order to Show Cause, the Complaint is hereby dismissed with prejudice.  Accordingly, this Court adopts the R&R issued on October 11, 2016.  Defendants' motion to dismiss the Complaint will be granted.

       s/ Stanley R. Chesler

       STANLEY R. CHESLER

       United States District Judge

Dated:  October 31, 2016

---

[1] A corporation is not permitted to appear *pro se* and must be represented by counsel in order to pursue an action.  See *Simbraw v. United States,* 367 F.2d 373, 374 (3d Cir. 1966).  Plaintiff, a corporate entity [Docket Entry 3], thus abandoned its case by failing to secure replacement counsel after previous counsel was disqualified.